**RECORD NO. 13-4463**

In The
# United States Court Of Appeals
## For The Fourth Circuit

**UNITED STATES OF AMERICA,**

*Plaintiff – Appellee,*

**v.**

**RAVAR CARJON HARRIS,**

*Defendant – Appellant.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
AT GREENSBORO

———————

**BRIEF OF APPELLANT**

———————

**John Carlyle Sherrill, III**
**SHERRILL & CAMERON, PLLC**
**117 West Council Street**
**Salisbury, NC  28144**
**(704) 633-5723**

*Counsel for Appellant*

*Gibson*Moore Appellate Services, LLC
421 East Franklin Street ♦ Suite 230 ♦ Richmond, VA 23219
804-249-7770 ♦ www.gibsonmoore.net

## TABLE OF CONTENTS

Page:

TABLE OF AUTHORITIES ................................................................................ ii

STATEMENT OF SUBJECT MATTER AND
APPELLATE JURISDICTION ........................................................................... 1

STATEMENT OF ISSUES ................................................................................... 1

STATEMENT OF THE CASE .............................................................................. 1

STATEMENT OF THE FACTS ............................................................................ 2

SUMMARY OF ARGUMENTS ............................................................................ 4

ARGUMENT .......................................................................................................... 4

    1.    THE DISTRICT COURT COMMITTED REVERSIBLE
ERROR BY DENYING MR. HARRIS' MOTION TO
SUPPRESS THE EVIDENCE SEIZED BY LAW
ENFORCEMENT BECAUSE THE SEARCH WAS NEITHER
CONSENSUAL NOR SUPPORTED BY PROBABLE CAUSE
NOR REASONABLE SUSPICION. ....................................................... 4

        STANDARD OF REVIEW ................................................................. 4

        DISCUSSION OF ISSUE .................................................................. 5

CONCLUSION ....................................................................................... 7

CERTIFICATE OF COMPLIANCE

CERTIFICATE OF FILING AND SERVICE

## TABLE OF AUTHORITIES

Page(s):

CASES:

*Anders v. California*,
    386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967) .......................... 7

*Illinois v. Wardlow*,
    528 U.S. 119, 120 S. Ct. 673, 145 L. Ed. 2d 570 (2000) ...............................6

*Ornelas v. United States*,
    517 U.S. 690, 116 S. Ct. 1657, 134 L. Ed. 2d 911 (1996) .......................... 5-6

*Reid v. Georgia*,
    448 U.S. 438, 100 S. Ct. 2752, 65 L. Ed. 2d 890 (1980) ...............................6

*United States v. Christmas*,
    222 F.3d 141 (4th Cir. 2000) .................................................................5

*United States v. Foster*,
    634 F.3d 243 (4th Cir. 2011) .................................................................4

*United States v. Hernandez-Mendez*,
    626 F.3d 203 (4th Cir. 2010) .................................................................6

*United States v. Lawing*,
    703 F.3d 229 (4th Cir. 2012) .................................................................5

*United States v. Seidman*,
    156 F.3d 542 (4th Cir. 1998) .................................................................4

*United States v. Sokolow*,
    490 U.S. 1, 109 S. Ct. 1581, 104 L. Ed. 2d 1 (1989) .....................................5

STATUTE:

28 U.S.C. § 1291 ....................................................................................1

# STATEMENT OF SUBJECT MATTER AND APPELLATE JURISDICTION

This appeal is from a conviction and sentence imposed on May 17, 2013 against the defendant-appellant, Ravar Carjon Harris. (Docket 29, Judgment) The judgment was entered on June 11, 2013. Mr. Harris filed a timely notice of appeal on June 14, 2013. (Docket 30, Notice of Appeal) This court has jurisdiction pursuant to 28 U.S.C. § 1291.

# STATEMENT OF ISSUES

1.    WHETHER THE DISTRICT COURT COMMITTED REVERSIBLE ERROR BY DENYING MR. HARRIS MOTION TO SUPPRESS THE EVIDENCE SEIZED BY LAW ENFORCEMENT WHICH WAS DISCOVERED AFTER AN OFFICER SEIZED MR. HARRIS WITHOUT REASONABLE SUSPICION OR PROBABLE CAUSE.

# STATEMENT OF THE CASE

Mr. Harris was initially arrested in Kannapolis, North Carolina on March 4, 2012 and charged in State court in Cabarrus County with charges of possession of a firearm by a felon, carrying a concealed weapon and being an habitual felon. The State charges were dismissed on August 8, 2012 after the federal indictment was filed.

The Grand Jury for the Middle District of North Carolina issued a one-count indictment on July 30, 2012 charging Mr. Harris with being a felon in possession of a firearm. (Docket 1, Indictment) Mr. Harris filed a motion to suppress on October 3, 2012 which was heard on October 9, 2012 before the Honorable James

A. Beaty, Jr. (Docket 13, Motion to Suppress) Judge Beaty denied the motion to suppress.

The case went to trial on January 14, 2013 before Judge Beaty. The jury returned a verdict of guilty. A sentencing hearing was conducted on May 17, 2013 at which Judge Beaty imposed a sentence of 108 months followed by three years of supervised release. Mr. Harris entered notice of appeal on June 14, 2013 (Docket 30, Notice of Appeal)

## STATEMENT OF THE FACTS

On March 4, 2012, Officer Eric Shaver of the Kannapolis Police Department was on patrol when he observed Mr. Harris walking. As he watched, Mr. Harris pulled the hood of his shirt over his head and walked in the opposite direction. (Docket 38, trial transcript, p 21) Officer Shaver followed Mr. Harris and observed him go through a path in a wooded area. The Officer then intercepted Mr. Harris as he emerged further down the street, exited his car and asked to speak with him. (Docket 38, trial transcript, pp 24-25) Mr. Harris stopped walking and spoke with Officer Shaver.

Officer Shaver asked Mr. Harris for identification. (Docket 38, trial transcript, p 27) When Mr. Harris used his left hand to reach behind his body and pull identification from his back right pocket he turned his body such that Officer Harris observed the butt of a handgun in Mr. Harris' right pocket. Mr. Harris also

2

had his hand in the same pocket. (Docket 37, suppression transcript, p 3) Officer Shaver asked Mr. Harris if he had anything illegal (Docket 37, suppression transcript, p 10) or whether he had a gun (Docket 38, trial transcript, p 28). Officer Shaver's testimony differed between the suppression hearing and the trial as to what question he asked Mr. Harris during the encounter; however, the officer testified in both proceedings that Mr. Harris responded that he had some cocaine in his left shoe. (Docket 38, trial transcript pp 28-29) Officer Shaver took Mr. Harris to the ground while stripping the gun from Mr. Harris' pocket and throwing it to the side. He then arrested Mr. Harris and took possession of the gun. (Docket 38, trial transcript, p 29-30) Other evidence was presented at trial that the gun had traveled in interstate commerce (Docket 38, trial transcript, p 53) and that it was a working firearm when tested. (Docket 38, trial transcript, p 60) The government also presented certified copies of prior felony judgments and a certification that his right to possess a firearm had not been restored in North Carolina. Mr. Harris chose not to testify and the matter was submitted to the jury which returned a verdict of guilty.

A sentencing hearing was conducted on May 17, 2013 before Judge Beatty. At sentencing, the district court accepted the probation officer's calculations in the presentence investigation report which found an offense level of 24 and a criminal history category of VI. This resulted in an imprisonment range of 100 to 120

months.  (Presentence Investigation Report, p 13)  There were no objections to the probation officer's calculations.   Judge Beaty imposed a sentence of 108 months to be followed by three years of supervised release.  (Docket 39, sentencing transcript, pp 2-3)   Mr. Harris entered notice of appeal on June 14, 2013.  (Docket 30, notice of appeal)

## SUMMARY OF ARGUMENTS

The district court committed reversible error by denying Mr. Harris' motion to suppress because Officer Shaver did not have reasonable articulable suspicion that Mr. Harris was engaged in criminal activity at the time that Mr. Harris was stopped leading to observation and seizure of the firearm.

## ARGUMENT

1. THE DISTRICT COURT COMMITTED REVERSIBLE ERROR BY DENYING MR. HARRIS' MOTION TO SUPPRESS THE EVIDENCE SEIZED BY LAW ENFORCEMENT BECAUSE THE SEARCH WAS NEITHER CONSENSUAL NOR SUPPORTED BY PROBABLE CAUSE NOR REASONABLE SUSPICION.

### STANDARD OF REVIEW

On a motion to suppress, this Court reviews *de novo* the legal conclusions of the district court but reviews for clear error the factual findings.  *United States v. Foster*, 634 F.3d 243 (4th Cir. 2011).  The Court construes the evidence in the light most favorable to the government.  *United States v. Seidman*, 156 F.3d 542, 547 (4th Cir. 1998).

4

DISCUSSION OF ISSUE

The testimony presented during the hearing on the motion to suppress was quite clear regarding the circumstances leading to the officer stopping Mr. Harris. Officer Shaver observed Mr. Harris walking in a high-crime area in Kannapolis. It was a cold day in early March and Mr. Harris was wearing "a heavy jacket with a hooded-type sweatshirt underneath." (Docket 37, suppression transcript, p 4) "He pulled the hood over his head when we made eye contact and turned his head and continued on walking." *Id*. That was the extent of the facts and circumstances available to Officer Shaver before he decided to pursue him as he continued walking and then to stop him on the street to speak with him. The arrest then followed.

This Court, in *United States v. Lawing*, 703 F.3d 229 (4th Cir. 2012) has recently noted the allowances provided for as well as the limitations imposed upon officers engaging in interaction with private citizens in the community.

> Law enforcement "can stop and briefly detain a person for investigative purposes if the officer has a reasonable suspicion supported by articulable facts that criminal activity 'may be afoot,' even if the officer lacks probable cause." *United States v. Christmas*, 222 F.3d 141, 143 (4th Cir. 2000) (quoting *United States v. Sokolow*, 490 U.S. 1, 7, 109 S. Ct. 1581, 104 L. Ed. 2d 1 (1989)). Reasonable suspicion is "simply a particularized and objective basis for suspecting the person stopped of criminal activity." *Ornelas v. United States*, 517 U.S. 690, 696, 116 S. Ct. 1657, 134 L. Ed. 2d 911 (1996) (internal quotation marks omitted). It "is a less demanding standard than probable cause and requires a showing considerably less than preponderance of the evidence [even though] [t]he Fourth

5

> Amendment [still] requires at least a minimal level of objective justification for making the stop." *Illinois v. Wardlow*, 528 U.S. 119, 123, 120 S. Ct. 673, 145 L. Ed. 2d 570 (2000).

*Id.*, at 236.

This Court has also noted "[t]he reasonable suspicion inquiry is fact-intensive, but individual facts and observations cannot be evaluated in isolation from each other." *United States v. Hernandez-Mendez*, 626 F.3d 203, 207 (4th Cir. 2010) "An officer's articulated facts must in their totality serve to exclude a substantial portion of innocent travelers before reasonable suspicion will exist; otherwise, innocent individuals will be subject to 'virtually random seizures.'" *Reid v. Georgia*, 448 U.S. 438, 441, 100 S. Ct. 2752, 65 L. Ed. 2d 890 (1980).

On appeal, this Court's obligation is to review the district court's findings for clear error in light of the district court's obligation to conduct a fact-intensive inquiry. The district court made findings of fact reciting the testimony at the suppression hearing and then made a finding that to the extent the weapon was in plain view there was no need for reasonable suspicion. (Docket 37, suppression transcript, p 34)

Arguably, this "finding" was a conclusion of law which should be reviewed *de novo* rather than a finding of fact but, regardless, it was error because it failed to address the officer's actions in following Mr. Harris down a street and then intercepting him to request that he provide identification. The simple fact is that

6

throughout this encounter up until the point at which the officer observed the butt of a gun he had no reasonable articulable suspicion to believe that Mr. Harris was engaged in any form of criminal activity.

## CONCLUSION

In accordance with the requirements of the decision of the United States Supreme Court in *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967), appointed counsel for the defendant has reviewed both the facts and legal issues in the sentencing.

It is counsel's opinion that there are no legal issues that were not properly raised or disposed of by the trial court, and that there are no grounds for an appeal in this case to the Court of Appeals.

It is requested that the Court conduct an independent review of the record pursuant to *Anders*, *supra* to determine whether the case is "wholly frivolous."

A copy of this brief is being served upon the defendant.

RESPECTFULLY SUBMITTED
RAVAR CARJON HARRIS

/s/John Carlyle Sherrill, III
John Carlyle Sherrill, III
Sherrill & Cameron, PLLC
117 West Council Street
Salisbury, NC  28144
(704) 633-5723

*Counsel of Appellant*

7

CERTIFICATE OF COMPLIANCE WITH RULE 32(a)
Certificate of Compliance with Type-Volume Limitation,
Typeface Requirements, and Type Style Requirements

1. This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because:

    this brief contains <u>1,732</u> words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2. This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

    this brief has been prepared in a proportional spaced typeface using <u>Microsoft Word</u> in <u>14 point Times New Roman</u>.

/s/John Carlyle Sherrill, III
John Carlyle Sherrill, III

*Counsel for Appellant*

Dated: September 13, 2013

CERTIFICATE OF FILING AND SERVICE

I hereby certify that on September 13, 2013, I electronically filed the foregoing with the Clerk of Court using the CM/ECF System, which will send notice of such filing to the following registered CM/ECF users:

    Terry Michael Meinecke
    OFFICE OF THE
      UNITED STATES ATTORNEY
    101 South Edgeworth Street
    P. O. Box 1858
    Greensboro, NC  27401
    (336) 333-5351

    *Counsel for Appellee*

The necessary filing and service were performed in accordance with the instructions given to me by counsel in this case.

                                        /s/ Karen R. Taylor
                                        Karen R. Taylor
                                        GIBSON MOORE APPELLATE SERVICES, LLC
                                        421 East Franklin Street, Suite 230
                                        Richmond, VA  23219